UNITED FIRE AND CASUALTY COMPANY, Plaintiff and Counterdefendant-Appellant, *v.* JIM MALOOF REALTY, INC., *et al.*, Defendants-Appellees.—(JIM MALOOF REALTY, INC., Counterplaintiff-Appellee.)

Third District    No. 81-453

Opinion filed April 14, 1982.—Rehearing denied June 7, 1982.

Edward M. Wagner and Duncan B. Cooper, III, both of Heyl, Royster, Voelker & Allen, of Peoria, for appellant.

David L. Higgs and Dean B. Rhoads, both of Sutkowski & Washkuhn Associates, of Peoria, for appellee Marilou N. Putnam.

Timothy J. Howard and Phillip B. Lenzini, both of Kavanagh, Scully, Sudow, White & Frederick, P. C., of Peoria, for appellee Jim Maloof Realty, Inc.

JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, United Fire and Casualty Company, brought this declaratory judgment action in order to determine its duty under a "Real Estate Agents Errors and Omissions" insurance policy to provide a defense for its insureds in a lawsuit alleging fraudulent misrepresentation. The circuit court of Peoria County found that United was required to defend its insureds in the underlying tort action.

During 1979 and 1980, defendant, Jim Maloof Realty, Inc., was the named insured in a "Real Estate Agents Errors and Omissions" insurance policy with plaintiff, United Fire and Casualty Company. The policy provided coverage for any claim against the insured caused by any neg-

ligent act or omission of the insured or any other person for whose acts the insured was legally liable in the conduct of its business as a real estate agency. In addition, a defense would be provided the insured in a lawsuit for any such negligent act, error or omission even if the suit were groundless, false or fraudulent. The policy did not apply to any dishonesty, intentional fraud, criminal or malicious act, libel or slander.

During 1980, E. Neill Scott and Donna Scott brought suit against Maloof and a number of its agents relating to the sale of the Scott residence. The Scotts alleged that Maloof induced them to sell their home at a price grossly below its fair market value to a Maloof agent, Leo Sullivan, and his wife, for purposes of residential use. The Sullivans then immediately resold the property at a substantial profit. The Scotts contended that Maloof's actions constituted knowing, wilful and wanton misrepresentation in breach of its fiduciary duty to them. The first count of the Scotts' fourth amended complaint requested compensatory damages and the second count, after realleging the facts stated in count one, requested exemplary damages.

On April 16, 1980, after receiving the first amended complaint, Maloof demanded that United assume its defense and afford it coverage on its policy. United denied there was coverage and refused to undertake the defense of Maloof.

Subsequently, United filed its declaratory judgment action seeking a declaration concerning coverage and its duty to defend under the policy. Maloof counterclaimed, seeking a declaration relating to United's duty to defend.

Both Maloof and United moved for summary judgment. The trial court allowed Maloof's motion and denied United's as to the duty to defend. The court found the issue of coverage to be premature and dismissed it without prejudice to permit refiling after disposition of the underlying suit.

The issue which has been presented for our review is whether the underlying tort complaint filed against Maloof and its agents gives rise to a duty to defend by United under the terms of its "Real Estate Agents Errors and Omissions" policy issued to Maloof.

The controlling statements of law on the issue of an insurance company's duty to defend are set forth in *Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187, 355 N.E.2d 24, and *Grinnell Mutual Reinsurance Co. v. Frierdich* (1979), 79 Ill. App. 3d 1146, 399 N.E.2d 252. In *Maryland*, the supreme court was asked to decide whether an insurance company was required to defend its insured under a homeowner's insurance policy in a tort action alleging assault, negligence and wilful and wanton conduct in three separate counts. The insured had shot a person, thinking him to be a

burglar. The policy excluded coverage for injuries intentionally inflicted and the court determined that count one, alleging assault, was the only definite claim of intentional conduct.

The court stated that the allegations of the complaint determine the duty to defend and that if the complaint alleges facts either within the coverage of the policy or potentially within that coverage, the insurance company's duty to defend has been established. Therefore, in *Maryland*, where several theories of recovery against the insured were alleged, only one of which was conclusively excluded by the policy, the insurance company was obligated to defend its insured.

In *Grinnell*, an insurance company brought a declaratory judgment action in order to determine its duty to defend under a comprehensive personal liability insurance policy. The underlying complaint against the insureds contained two counts of intentional acts constituting battery and two counts alleging that those same acts were done wilfully, wantonly and maliciously. The lawsuit grew out of an argument and fight between the insureds and a third party. The insurance policy excluded coverage for injuries caused intentionally by or at the direction of the insureds.

The court found that although the complaint alleged intentional acts, it did not allege a specific intent to injure. Wilful, wanton or reckless conduct is not equivalent to a specific intent to cause injury and neither is an intentional act which results in an unintended outcome. The court cited *Maryland* in concluding that when a complaint alleges facts both within and without the coverage of an insurance policy, the insurance company has a duty to defend its insured.

In the case at hand, the underlying fourth amended complaint essentially states one cause of action, that of intentional fraud. The scheme which was described in the complaint was specifically designed to defraud the Scotts. Every allegation of misrepresentation is prefaced by the words knowingly, wilfully and wantonly. The inclusion of the words wilful and wanton in this context does not transform what is in essence a specific intent to deceive into an aggravated form of negligence. The complaint must be read as a whole in order to assess its true nature. Therefore, since the factual allegations of the complaint are premised upon only one theory of recovery, that of intentional fraud, and do not fall within the potential coverage of the insurance policy, United has no duty to defend its insureds.

As for the trial court's decision that a ruling on the coverage of the insurance policy would be premature, we are in agreement based upon the holding on this point in *Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187, 355 N.E.2d 24.

For the foregoing reasons the judgment of the trial court as to

United's duty to defend is reversed and its judgment as to the prematurity of the coverage issue is affirmed.

Reversed in part, affirmed in part.

BARRY, P. J., and HEIPLE, J., concur.