ILLINOIS STATE BAR ASSOCIATION MUTUAL INSURANCE COMPANY, Plaintiff-Appellant, v. ROBERT J. MONDO *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 1—08—2374

Opinion filed June 30, 2009.

Robert Marc Chemers and Christopher C. Cassidy, both of Pretzel & Stouffer, Chtrd., of Chicago, for appellant.

George B. Collins, Adrian Vuckovich, and Benjamin C. Butler, all of Collins, Bargione & Vuckovich, of Chicago, for appellee Robert J. Mondo.

James W. Malloy, of Chicago, for appellee National Production Workers Union Insurance Trust.

JUSTICE SOUTH delivered the opinion of the court:

This appeal arises from an order of the circuit court of Cook County that granted summary judgment in favor of defendant Robert Mondo, Jr. (Mondo Jr.), holding that plaintiff Illinois State Bar Association Mutual Insurance Company had a duty to defend him pursuant to the terms and conditions of a professional liability insurance policy which it issued to him. Plaintiff instituted this declaratory judg-

ment action against Mondo Jr. and National Production Workers Union Insurance Trust (Insurance Trust) seeking a determination of its duty to defend Mondo Jr. in an underlying federal court action (*National Production Workers Union Insurance Trust v. Mondo*, No. 07 CV 6135) (hereinafter referred to as the underlying action). The basis of the underlying action was that Mondo Jr. and his consulting firm, Executive Fidelity Ltd., along with other individuals, worked together to "fraudulently, intentionally and willfully" conceal Mondo Jr.'s ties to the proposed plan administrator for the Insurance Trust's move to self-insurance.

On October 30, 2007, Mondo Jr. was named as a defendant in a lawsuit filed by the Insurance Trust in the underlying action, along with his father, Robert Mondo, Sr. (Mondo Sr.), his consulting business, Executive Fidelity Ltd. (Executive Fidelity), the administrative clearinghouse from which he drew a regular salary, The ASO Company (ASO), and its owner, John E. Harter (Harter). Although Mondo Jr. is an attorney, the record does not reveal that he was contracted at any time to provide legal representation or other legal services to the Insurance Trust.

In its complaint, the Insurance Trust alleged that Mondo Jr. and Executive Fidelity were introduced to it by Mondo Sr. as "experts in the field of insurance" who would be able to advise the Insurance Trust as to the type of medical benefit plans that it provided to its members. According to the complaint, at some point in 2005, Mondo Jr. through Executive Fidelity, along with Mondo Sr. convinced the Insurance Trust that it should cease providing its members with Preferred Provider Organization (PPO) and Health Maintenance Organization (HMO) medical benefits through the purchase of insurance and instead become self-insured as to its members' various medical benefits. Further, Mondo Jr., Mondo Sr., and Executive Fidelity recommended that the Trust employ Harter and ASO to administer the move to self-insurance. According to the complaint, Mondo failed to disclose he was a salaried employee of ASO, and the complaint further stated that all of the parties worked together to "fraudulently," "intentionally," and "willfully" conceal Mondo's ties to the proposed plan administrator from the Insurance Trust.

At all times relevant, Mondo Jr. maintained a lawyer's professional liability insurance policy, which was issued by plaintiff, and he tendered the underlying action for coverage and defense to it. Plaintiff denied the tender and refused to provide a defense to Mondo Jr. in the underlying action. Mondo Jr. then secured private counsel.

Plaintiff filed a motion for summary judgment on March 26, 2008, contending that: (1) allegations of intentional behavior are uniformly

excluded by its policy; (2) although superficially labeled as a "negligence" cause of action, count V of the underlying complaint contains a nested reincorporation of all prior factual allegations that predicate liability on a common scheme of intentional misconduct, "thereby removing 'wrongful act' coverage"; and (3) both the policy's exclusion for claims arising out of participatory acts as an Employee Retirement Income Security Act of 1974 (ERISA) (29 U.S.C. §1001 *et seq.* (2006)) fiduciary and the policy's endorsement removing coverage for claims involving Mondo Jr.'s specifically identified sideline consulting business are couched in terms both clear and free from doubt, warranting application as written.

The Insurance Trust subsequently filed an amended complaint based on ERISA in the underlying action that raised additional causes of action as follows[1]:

**Count I—Breach of Fiduciary Duty:** This count alleged that Mondo Sr., Mondo Jr., and ASO breached their fiduciary duties to the trust under ERISA;

**Count II—Prohibited Transactions:** This count alleged that Mondo Jr. falsely stated that ASO was experienced in administering self-insured plans similar to that of the Insurance Trust; concealed his financial relationship with ASO from the Insurance Trust; and knowingly provided services to the Insurance Trust when he was a party in interest in violation of ERISA;

**Count III—Investment Advice:** This count alleged that Mondo Jr. and Mondo Sr. rendered unsound investment advice to the Insurance Trust;

**Count IV—Breach of Fiduciary Duty:** This count did not apply to Mondo Jr.;

**Count V—Breach of Fiduciary Duty:** This count alleged that Mondo Jr., along with ASO and Harter, breached their fiduciary duties to the Insurance Trust by failing to properly administer the claims process; failing to monitor the number of claims paid and by fraudulently concealing the mispayment of claims and depletion of funds from the Insurance Trust; each of these acts was performed knowingly, intentionally, maliciously and without reasonable excuse;

**Count VI—Fraud:** This claim alleged fraud on the part of each of the defendants;

**Count VII—Breach of Contract:** This count did not apply to Mondo Jr.;

---

[1]Some of the original counts were renumbered and expanded upon in the amended complaint.

**Count VIII—Negligence:** This count alleged that Mondo Jr. negligently performed his fiduciary and contractual duties with regard to the Insurance Trust;

**Count IX—Malpractice:** This count alleged that Mondo Jr. committed malpractice in his capacity as an insurance broker; and

**Count X—Malpractice:** This count alleged that Mondo Jr. committed malpractice in his capacity as an attorney.

Each of the 10 counts incorporated and realleged the allegations of the preceding paragraphs of the complaint, *in haec verba.*

Defendant Mondo Jr. filed a cross-motion for summary judgment, alleging that 6 of the 10 counts directly implicate him, and 2 of them, namely counts VIII and X, could be reasonably construed to fall within, or potentially fall within, the terms of the policy.

Both motions were heard by the trial court; however, there is no report of those proceedings. The court issued its ruling, stating that it was denying plaintiff's motion and granting Mondo Jr.'s motion for summary judgment.

The issue raised before this court is whether the trial court properly granted summary judgment in favor of defendants, holding that plaintiff had a duty to defend or indemnify them pursuant to the terms and conditions of the professional liability insurance policy it issued to Robert J. Mondo, Jr., where the underlying action incorporated allegations that his acts were intentional, willful, and fraudulent into counts purporting to allege negligence and malpractice.

Summary judgment should only be granted if the pleadings, depositions, and the admissions on file, together with affidavits, if any, present no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 2006). The reviewing court takes all well-pleaded facts as true and interprets all well-pleaded allegations in the light most favorable to the plaintiff. *McMahon v. City of Chicago,* 339 Ill. App. 3d 41, 45 (2003). While use of summary judgment is encouraged under Illinois law to aid in the expeditious disposition of a lawsuit (*Purtill v. Hess,* 111 Ill. 2d 229, 240 (1986)), it is a drastic means of disposing of litigation and should be allowed only when the right of the moving party is clear and free from doubt (*Quality Lighting, Inc. v. Benjamin,* 227 Ill. App. 3d 880, 883-84 (1992)).

In appeals from summary judgment rulings, we conduct a *de novo* review. *Atlantic Mutual Insurance Co. v. American Academy of Orthopaedic Surgeons,* 315 Ill. App. 3d 552, 559 (2000). The reviewing court must construe all evidence strictly against the movant and liberally in favor of the nonmoving party. *Atlantic Mutual,* 315 Ill. App. 3d at 559. Where the pleadings, depositions, and affidavits show that

there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. 735 ILCS 5/2—1005(c) (West 2006); *Atlantic Mutual*, 315 Ill. App. 3d at 559. If reasonable persons could draw different inferences from undisputed facts, summary judgment should be denied. *Atlantic Mutual*, 315 Ill. App. 3d at 559.

When deciding a summary judgment motion, the court must construe the pleadings, depositions, admissions, and affidavits strictly against the movant and liberally in favor of the opponent. *Willett v. Cessna Aircraft Co.*, 366 Ill. App. 3d 360, 368 (2006). Summary judgment is appropriate if a party cannot establish an element of his claim. *Willett*, 366 Ill. App. 3d at 368. Only when the right of the movant is free from doubt should summary judgment be allowed because it is a drastic means of disposing of litigation. *McCullough v. Gallaher & Speck*, 254 Ill. App. 3d 941, 948 (1993). On an appeal from the propriety of summary judgment, the reviewing court is not to judge the strength of the evidence or weigh the credentials, credibility, and testimony of one deponent against another. *McCullough*, 254 Ill. App. 3d at 948. There are two types of summary judgment motions: (1) a motion affirmatively showing that some element of the case must be resolved in the defendant's favor, requiring the defendant to prove something that it would not be required to prove at a trial; and (2) a motion in which a defendant points out the absence of evidence supporting plaintiff's position. *Willett*, 366 Ill. App. 3d at 368. While parties opposing a summary judgment are not required to prove their case, they are under a duty to present a factual basis which would arguably entitle them to judgment in their favor based upon the applicable law. *Soderlund Brothers, Inc. v. Carrier Corp.*, 278 Ill. App. 3d 606, 615 (1995).

On appeal, plaintiff contends the following: (1) that allegations of intentional behavior are uniformly excluded by the policy, and the policy explicitly covers professional services rendered by the insured as an attorney; (2) although the amended complaint vaguely raises a negligence cause of action by drawing from the same "pool" of alleged facts as the prior seven counts and reincorporates the allegation that Mondo Jr.'s actions are knowing, intentional and malicious, the policy excludes coverage; and (3) the malpractice allegation in count X of the amended complaint specifically attributes fraudulent concealment to Mondo Jr., a deliberate act that the policy's exclusion for intentional behavior removes from coverage.

In order to determine whether the insurer's duty to defend has arisen, the court must compare the allegations of the underlying complaint to the policy language. *Outboard Marine Corp. v. Liberty*

*Mutual Insurance Co.*, 154 Ill. 2d 90, 125 (1992). "The allegations in the underlying complaint must be liberally construed in favor of the insured." *Outboard Marine Corp.*, 154 Ill. 2d at 125. "If the court determines that these allegations fall within, or potentially within, the policy's coverage, the insurer has a duty to defend the insured against the underlying complaint." (Emphasis omitted.) *Outboard Marine Corp.*, 154 Ill. 2d at 125. "[T]he insurer can safely and justifiably refuse to defend only when the allegations clearly show on their face that the claim is beyond policy coverage, for the duty to defend is broader than the duty to [indemnify]." *Management Support Associates v. Union Indemnity Insurance Co. of New York*, 129 Ill. App. 3d 1089, 1096 (1984). " 'Moreover, if the underlying complaints allege several theories of recovery against the insured, the duty to defend arises even if only one such theory is within the potential coverage of the policy.' " *Lexmark International, Inc. v. Transportation Insurance Co.*, 327 Ill. App. 3d 128, 135 (2001), quoting *United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.*, 144 Ill. 2d 64, 73 (1991).

"A court's primary objective in construing the language of an insurance policy is to ascertain and give effect to the intentions of the parties as expressed by the language of the policy." *Valley Forge Insurance Co. v. Swiderski Electronics, Inc.*, 223 Ill. 2d 352, 362 (2006). We give the policy's words their " 'plain, ordinary, and popular meaning.' " *Lexmark*, 327 Ill. App. 3d at 135, quoting *Outboard Marine Corp.*, 154 Ill. 2d at 108. Little weight is given to the legal label that characterizes the allegations of the underlying complaint; rather, the determination focuses on whether the alleged conduct arguably falls within at least one of the categories of wrongdoing listed in the policy. *Lexmark*, 327 Ill. App. 3d at 135-36; *Steadfast Insurance Co. v. Caremark Rx, Inc.*, 359 Ill. App. 3d 749, 755-56 (2005). "The complaint must be read as a whole in order to assess its true nature." *United Fire & Casualty Co. v. Jim Maloof Realty, Inc.*, 105 Ill. App. 3d 1048, 1050 (1982).

The Illinois State Bar Association policy covered Mondo Jr. for professional liability as a sole practitioner. Specifically excluded from coverage was any claim resulting from or arising out of any wrongful act involving Executive Fidelity in the "Specific Entity Exclusions Endorsement." Section 1 of the policy indicated coverage under the policy and stated:

> "We agree to pay on **YOUR** behalf all **DAMAGES** and **CLAIM EXPENSES** in excess of the **DEDUCTIBLE** up to the Limit of Liability which **YOU** become legally obligated to pay as a result of a **CLAIM** first made against **YOU** and reported to **US** in writing during the **POLICY TERM** or **EXTENDED REPORTING PERIOD**, if applicable, provided that:

1. The **CLAIM** arises out of a **WRONGFUL ACT** which occurred on or after the **PRIOR ACTS DATE** shown in Item 3 of the Declarations; and

2. As of the effective date of this Policy, **YOU** had no knowledge of the **CLAIM**; and

3. Notice of the **WRONGFUL ACT** was not given nor required to be given to any prior insurer."

"**YOU**" or "**YOUR**" is defined by the policy as:

"1. the **NAMED INSURED** lawyer or law firm and any **PREDE-CESSOR FIRM**;

2. the lawyers named in the application that forms a part of this Policy, but only for **CLAIMS** arising out of **WRONGFUL ACTS** committed within the scope of their employment for the **NAMED INSURED** law firm or its **PREDECESSOR FIRM**."

"**WRONGFUL ACT**" is defined as "any actual or alleged negligent act, error, or omission in the rendering of or failure to render **PROFESSIONAL SERVICES**, including **PERSONAL INJURY** committed by **YOU** in the course of rendering **PROFESSIONAL SERVICES**." "**PROFESSIONAL SERVICES**" is defined as "services rendered by **YOU** as a lawyer, including services, whether or not for a fee, as an administrator, arbitrator, conservator, executor, guardian, mediator, notary public, personal representative, real estate title insurance agent, receiver, trustee or in any other similar fiduciary activity."

Also included in the policy is a general list of exclusions, in addition to those previously mentioned. In the general exclusions section, the following are listed, in part, as exclusions from coverage:

"This Policy does not apply to any CLAIM:

A. arising out of any criminal, dishonest, fraudulent or intentional act or omission committed by any of **YOU**.

\* \* \*

C. arising out of **YOUR** capacity as:

1. an officer, director, partner, shareholder or employee of any entity other than the **NAMED INSURED**, its **PREDE-CESSOR FIRM** or any bar related professional association;

2. a fiduciary under the Employment [*sic*] Retirement Income Security Act of 1974, its amendments, or similar provisions of any state statutory law or common law, except if **YOU** are deemed to be a fiduciary solely by reason of legal advice rendered with respect to an employee benefit plan[.]

\* \* \*

D. arising out of legal services or advice rendered by **YOU** in connection with any business enterprise not shown in Item 2 of the Declarations:

1. which is, was, or will be owned by **YOU** or any member of **YOUR** immediate family;

2. which is, was, or will be in any way controlled, managed or operated by **YOU** or any member of **YOUR** immediate family including the ownership, maintenance or use of any property in connection therewith; or

3. in which **YOU** were, are, or will be a partner or employee.

\* \* \*

K. arising out of the performance or nonperformance of any investment that was recommended, directed, or made by **YOU**."

"**NAMED INSURED**" is defined as "the person or law firm identified in Item 2 of the Declarations."

In the case at bar, the underlying complaint alleges causes of action against Mondo Jr. for breach of a fiduciary duty under ERISA (count I), prohibited transactions in violation of ERISA (count II), providing unsound investment advice (count III), breach of fiduciary duty to the trust in his capacity as an administrator (count V), fraud (count VI), negligence regarding the performance of his fiduciary and contractual duties with regards to the Insurance Trust (count VIII), malpractice in his capacity as an insurance broker (count IX), and malpractice in his capacity as an attorney (count X). In reading the complaint as a whole (*United Fire & Casualty*, 105 Ill. App. 3d at 1050), it is clear that the true nature of the complaint is related to Mondo Jr.'s performance of duties related to his capacity as an insurance expert and not in any capacity related to his status as an attorney despite the inclusion of counts VIII and X. As this court found in *Steadfast*, 359 Ill. App. 3d at 761, and in *Atlantic Mutual*, 315 Ill. App. 3d at 565-66, the factual allegations in the instant underlying action make clear that Mondo Jr.'s failure to disclose information was allegedly part of his overall scheme to mislead and defraud the Insurance Trust and not based upon any negligent or potentially negligent conduct.

Moreover, even if the argument could adequately be made that negligence applies, the specific exclusion endorsement and the general exclusions would still control. The policy specifically excludes from coverage any action in connection with Mondo Jr.'s activities related to Executive Fidelity, and according to the complaint, all of his transactions with the Insurance Trust were conducted in his capacity as an insurance expert and owner of Executive Fidelity. Additionally, in the general exclusions section, the policy specifically excludes from coverage any action related to the insured's capacity as a fiduciary under ERISA (counts I and II), any action related to providing unsound investment advice (count III), any action based on fraud (count VI)

and any actions not related to professional services rendered as an attorney (counts V, VIII and IX). In short, the policy excludes each and every cause of action raised against Mondo Jr. in the underlying action and cannot be said to fall, or potentially fall, within coverage of the policy as they arose out of his relationship with the Insurance Trust as an insurance expert and not as an attorney.

For the foregoing reasons, we find the trial court erred in granting Mondo Jr.'s motion for summary judgment, finding that plaintiff had a duty to defend him in the underlying action. We also find the trial court erred in denying plaintiff's motion for summary judgment with respect to the question of its duty to defend. Accordingly, we reverse the trial court's August 26, 2009, order granting Mondo Jr.'s motion for summary judgment and denying plaintiff's motion, and enter summary judgment in favor of plaintiff on the issue of its duty to defend Mondo Jr.

Reversed and remanded.

HOFFMAN and CUNNINGHAM, JJ., concur.