FOURTH DIVISION
Filed: May 4, 2006

No. 1-04-0895 & 1-04-2678 Consolidated

| | | |
|---|---|---|
| BARRY L. WILLETT, Individually, and as | ) | Appeal from the |
| Personal Representative of the Estate of | ) | Circuit Court of |
| Debra L. Zukof, Deceased, | ) | Cook County. |
| | ) | |
| Plaintiff-Appellant and Respondent-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CESSNA AIRCRAFT COMPANY, | ) | No. 00 L 87802 |
| | ) | |
| Defendant-Appellee | ) | |
| | ) | |
| | ) | |
| (Teledyne Continental Motors, Inc., | ) | |
| a Corporation; Joliet Avionics, Inc., a Corporation; | ) | |
| James P. Dirker; Michael E. Bross; and Lionel | ) | |
| Fritz, | ) | Honorable |
| | ) | Randye A. Kogan |
| Defendants and Petitioners-Appellants). | ) | Judge Presiding. |

<u>MODIFIED UPON REHEARING</u>

JUSTICE MURPHY delivered the opinion of the court:

Plaintiff Barry Willett, individually and as representative of the estate of Dr. Debra

Zukof, appeals from an order of the circuit court granting summary judgment in favor of Cessna

Aircraft Company in plaintiff's personal injury action against Cessna, Teledyne Continental

Motors, Inc., Joliet Avionics Inc., James Dirker, Michael Bross, and Lionel Fritz (collectively,

Joliet Avionics). Teledyne and Joliet Avionics appeal from an order of the circuit court denying

summary judgment in their favor on plaintiff's negligent spoliation of evidence claims in the

same civil action. This court has consolidated these two appeals. Plaintiff contends on appeal that the trial court erred in granting summary judgment for Cessna when (1) Cessna did not meet its burden of proof on a motion for summary judgment, (2) an existing question of fact precludes summary dismissal, and (3) the trial court based its grant of summary judgment upon an erroneous interpretation of the governing General Aviation Revitalization Act (Act) (49 U.S.C. §40101, Note (2000)). Teledyne and Joliet Avionics contend on appeal that the trial court erred in denying them summary judgment because plaintiff's negligent spoilation claim, the only claim against either Teledyne or Joliet Avionics, was duly barred by the Act.

FACTS

Briefly stated, plaintiff's claims arose from the crash of a Cessna Model 340A aircraft into Lake Michigan on August 1, 1998, which killed Zukof and injured plaintiff. Plaintiff alleged that the aircraft experienced a "sudden and unexpected loss of left engine power" during takeoff from Meigs Field, causing it to crash into the lake beyond the runway. During the investigation by the National Transportation Safety Board (NTSB), the aircraft was recovered from the lake bottom and its two engines were sent to Teledyne for testing under NTSB supervision.

In his fifth amended complaint,[1] plaintiff brought both strict product liability and negligence claims against Cessna, alleging that the left-engine power failure resulted from a

---

[1]Plaintiff's original complaint was filed in August 2000, with the instant (fifth) amended complaint filed in December 2003. Earlier versions of the complaint named additional

design defect in a portion of the exhaust system for the left engine called an exhaust turbo wye (wye). Plaintiff alleged that both of the aircraft's engines were replaced in May 1987 and that the left engine's wye had been replaced in September 1995. Plaintiff also brought a claim of negligent spoilation of evidence against Teledyne and Joliet Avionics, alleging that the wye was present when the aircraft was recovered from the lake on August 2, 1998, but missing when plaintiff's experts examined the aircraft wreckage in December 1998. Joliet Avionics had crated the wreckage in early August 1998 for shipment to Teledyne. Teledyne tested the wreckage in August and September 1998 and then shipped the wreckage to the pilot's insurer in late September 1998.

Attached to the fifth amended complaint were copies of the maintenance log of the aircraft in question for a May 1987 engine replacement, with a remanufactured engine, and a September 1995 overhaul of the left engine. Also attached was the expert witness affidavit of mechanical engineer and pilot Donald Sommer, averring that the wye would have been built to

defendants, including the pilot, but these parties reached a settlement with defendant and were voluntarily dismissed from the case.

defendant Cessna's specifications regardless of its actual manufacturer. Sommer also averred that the aircraft in question had logged 3,036 hours at the time of the crash, which "would have exceed the *** normal useful life" of the wye. Lastly, it was Sommer's opinion that, in an overhaul such as the 1995 overhaul of the left engine, "the turbo wyes would have been removed and most likely been replaced or overhauled."

Cessna filed a motion for summary judgment, arguing that plaintiff's claims were barred by two statutes of repose, the Act and section 13-213 of the Illinois Code of Civil Procedure (Code), 735 ILCS 5/13-213 (West 2002)). The Act applies to the manufacturer of a general aircraft or the manufacturer of any system or part of such an aircraft, barring any civil action arising from an accident more than 18 years after the initial sale of the aircraft or the installation of the replacement system or part. Similarly, section 13-213 bars strict liability product claims brought more than 12 years after the product's first sale, with the exception that the installation of a new part, which caused the injury, within 12 years of the lawsuit would not be barred. It was undisputed that the aircraft in question was more than 18 years old -- it was sold initially in March 1979 -- so plaintiff's suit would comply with the Act only if the wye had been replaced with a new wye within 18 years of the crash. The only evidence introduced by plaintiff to that effect was Sommer's affidavit, which Cessna argued did not show that the wye had been replaced. Sommer had at best opined that the wye would have been either replaced or overhauled during the 1995 overhaul of the left engine, Cessna argued, and at worst his opinion had no factual basis. Sommer's affidavit had not acknowledged that aircraft mechanics are

required by law to record all aircraft parts replaced, so that a mechanic who failed to record the replacement of a part such as the wye would risk losing his or her mechanic's license.

Plaintiff responded to Cessna's motion, arguing that Cessna, as the party invoking the statutes of repose as an affirmative defense, bore the burden of showing that the wye was more than 18 years old at the time of the crash. While a defendant may seek summary judgment on the basis that no evidence supports plaintiff's claims, Illinois law requires more than merely pointing out the absence of evidence, without a supporting affidavit or other evidence. Plaintiff also argued that Sommer's affidavit, to the effect that the wye would have been replaced on an aircraft the age of the one in question, established an issue of fact regarding the age of the wye.

Cessna replied in support of its summary judgment motion. Cessna argued that it had shown that the statutes of repose applied to it as the aircraft's manufacturer. Cessna also argued that the Act imposed the burden upon plaintiff to show that the wye had been replaced within 18 years of the crash. Similarly, under section 13-213, it is not defendant's burden to negate the possibility that the part in question was installed within the statutory period, but instead plaintiff's burden to show that the part was installed within the statutory period. Cessna argued that this interpretation is fair because it places the burden on the party that owned or operated the aircraft, or that at least knew who did, rather than the manufacturer, which ordinarily has no access to the aircraft maintenance records.

Cessna lastly argued that it had satisfied the burden, assuming *arguendo* that it bore it in the first place: maintenance records showed no replacement of the wye, and Sommer's opinion was "nothing more than an unsupported *ipse dixit*." While the aircraft's engines had been

replaced in 1987, Cessna argued that the wye is not part of the engine and thus the left wye was not necessarily replaced along with the left engine. In support of its contention that the wye is not part of the engine, Cessna attached to its reply brief relevant portions of the parts catalog for the model of aircraft in question. Also, as noted earlier, Sommer had opined that the 1995 overhaul of the left engine would have entailed either replacement or overhaul of the left wye. Cessna acknowledged that the court had denied its motion to strike the Sommer affidavit but argued that nothing in the court's order "indicat[ed] the existence of a fact question."

The court held a hearing on Cessna's summary judgment motion on February 24, 2004. Cessna argued that, once it was established that the aircraft in question was more than 18 years old and subject to the Act, the burden fell upon plaintiff to prove that the wye had been replaced with a new wye within 18 years of the crash. Cessna argued that the maintenance logs for the aircraft in question were complete and did not indicate that the wye had been replaced. Cessna also argued that Sommer's affidavit was unsupported by evidence that the left-engine replacement or overhaul included replacement of the wye with a new wye. Indeed, Cessna argued, Sommer had stated that remanufactured and overhauled parts, as well as new parts, are installed on aircraft. Plaintiff told the court that he needed no more discovery or evidence to respond to Cessna's motion, arguing that Sommer's affidavit created an issue of fact that defeated the summary judgment motion. The court told plaintiff that the "issue here is [whether] you meet an exception to the 18-year rule [under the Act], and if you do, you have to be able to support it with proof." The court also noted that "the burden shifts to you to show that, not by a maybe but with proof, that you fit outside the 18-year requirement." When the parties rested on

their briefs, the court ruled that Sommer's affidavit was speculative. As to the new engine in 1987, "there is nothing that has been produced that says that an entirely new engine was produced," including a new wye. The log stated that some parts of the engine were overhauled and some were replaced with new parts. Similarly, Sommer averred that the wye would likely have been replaced or overhauled in 1995 during the engine overhaul. This evidence does not establish that the wye had been replaced with a new wye. The court specifically found "that all of this could have been resolved if you had the wye." Without the wye itself, or a record that the wye had been replaced with a new wye, the Act barred plaintiff's claims against Cessna. The court therefore granted Cessna's motion for summary judgment.

Teledyne and Joliet Avionics then reminded the court that only the spoliation claim against them remained. The court replied that "I just ruled that if [plaintiff] had had the wye, he would be able to prove the case. So how do you plan on bringing in a motion to dismiss?" The parties and the court agreed to set a status hearing on the remaining claim. Plaintiff timely filed his appeal from the order granting summary judgment to Cessna.

In May 2004, Teledyne and Joliet Avionics filed a joint motion for summary judgment, arguing that, in light of the summary judgment in favor of Cessna, plaintiff could no longer satisfy the elements of his spoliation claim. Specifically, they argued that plaintiff's claim against Cessna did not fail due to the loss of the wye but because it was barred under the Act. Therefore, even if plaintiff could show that Teledyne and Joliet Avionics had a duty to preserve the wye, and then breached that duty, plaintiff could not establish causation or damages.

No. 1-04-0895 & 1-04-2678 Consol.

In June 2004, plaintiff responded to the joint summary judgment motion. He argued that he could establish causation in his spoliation claim, because "had the defendants not lost these specific exhaust systems, one could tell for certain" whether or not the wye was less than 18 years old. More specifically, he asserted that "had the turbo wyes been found, their age could have been determined." Teledyne and Joliet Avionics duly replied in support of their joint motion, reiterating their earlier argument that plaintiff's claim failed due to the Act and not their actions, and further arguing that plaintiff had not factually supported his allegation that the wye could have been dated had it not been lost. They also argued that a trial court cannot merely presume for purposes of a spoliation claim that a lost part would have been found defective.

On August 26, 2004, the circuit court issued an order denying the joint motion for summary judgment by Teledyne and Joliet Avionics. The court noted that the only claim against these defendants was negligent spoliation of evidence, namely, the loss of the wye. The court also recited that it had granted summary judgment in favor of Cessna pursuant to the Act on the basis that plaintiff had not introduced evidence supporting that the wye had been replaced with a new wye within the 18 years preceding the crash. Teledyne and Joliet Avionics argued that plaintiff's claims against Cessna failed due to the repose period of the Act, not their loss of the wye, while plaintiff argued that the age of the wye could have been determined from the wye itself had it not been lost. The court agreed with plaintiff that if the wye's age could have been determined from the wye itself, the negligence of Teledyne and/or Joliet Avionics may have caused plaintiff's claims against Cessna to fail under the Act.

"It is unclear whether the Plaintiff will be able to win at trial with such a tenuous causation element, seeing as the evidence as to the age of the exhaust wye components appears to point to its not being replaced, but, viewing the evidence in the light most favorably to the Plaintiff, the Plaintiff has met his causation burden with a sufficient question of fact for the purposes of this summary judgment motion."

The court denied that it was making an adverse presumption regarding the missing wye, as alleged by Teledyne and Joliet Avionics, but instead that it had found "that the destruction of evidence caused the plaintiff to be unable to prove an underlying lawsuit." The court also concluded that it was "mak[ing] no findings of fact" but strictly a decision of law. Because of "the need to consider both summary judgment orders together," the court certified the order for immediate appeal under Supreme Court Rule 308. 155 Ill. 2d R. 308. This appeal duly followed.

LAW – SUMMARY JUDGMENT

Both appeals disposed of herein concern the trial court's decision upon a motion for summary judgment. A review of the law governing summary judgments is therefore appropriate.

Summary judgment should be granted if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2002). "In determining whether a genuine issue as to any material fact exists,

No. 1-04-0895 & 1-04-2678 Consol.

a court must construe the pleadings, depositions, admissions, and affidavits strictly against the movant and liberally in favor of the opponent." Adams v. Northern Illinois Gas Co., 211 Ill. 2d 32, 43 (2004).

Although summary judgment is appropriate if a plaintiff cannot establish an element of his claim, it should only be granted when the right of the moving party is clear and free from doubt. Dardeen v. Kuehling, 213 Ill. 2d 329, 335 (2004); Adams, 211 Ill. 2d at 43. The decision to grant or deny summary judgment is reviewed *de novo*. Adams, 211 Ill. 2d at 43.

There are two types of summary judgment motions: (1) a motion affirmatively showing that some element of the case must be resolved in the defendant's favor, requiring the defendant to prove something that it would not be required to prove at a trial, and (2) a motion of the kind recognized by the United States Supreme Court in Celotex Corp. v. Catrett, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 273, 106 S. Ct. 2548, 2552 (1986), in which a defendant points out the absence of evidence supporting plaintiff's position. Crichton v. Golden Rule Insurance Co., 358 Ill. App. 3d 1137, 1152 (2005). "A defendant does not meet its burden of production [under a Celotex-type motion] by merely asserting that the plaintiff lacks evidence. Rather, the defendant must show that the plaintiff cannot acquire sufficient evidence to make its case." Kleiss v. Bozdech, 349 Ill. App. 3d 336, 350 (2004). Because the movant in a Celotex-type motion is relying on alleged flaws or shortcomings in the affidavits and evidence introduced by the nonmovant, such a motion may be filed without supporting affidavits or similar evidence. Crichton, 358 Ill. App. 3d at 1152. A Celotex-type motion is appropriate only when the nonmovant has had an adequate opportunity to conduct discovery. Crichton, 358 Ill. App. 3d at 1152.

A defendant who moves for summary judgment bears the initial burden of introducing competent evidence that, if uncontradicted, entitles him or her to judgment as a matter of law. Only if the defendant satisfies this initial burden of production does the burden shift to the plaintiff to present some factual basis that would arguably entitle plaintiff to judgment. Where the defendant-movant fails to support the motion with evidentiary facts, the plaintiff may rely on his complaint to establish a genuine issue of fact. Paul H. Schwendener, Inc. v. Jupiter Electric Co., 358 Ill. App. 3d 65, 78 (2005). However, if a defendant-movant has raised an affirmative defense, his pleadings and supporting documentation:

> " 'need only establish the defendant's factual position on the affirmative defense raised. [Citation.] Once the movant has carried this burden, the respondent may not rely on the factual issues raised by the pleadings, but must submit affidavits or refer to depositions or admissions on file which present a contrary version of the facts. [Citation.] While parties opposing a summary judgment motion are not required to prove their case, they are under a duty to present a factual basis which would arguably entitle them to judgment in their favor, based on the applicable law.' " Soderlund Brothers, Inc. v. Carrier Corp., 278 Ill. App. 3d 606, 615 (1995), quoting Winnetka Bank v. Mandas 202 Ill. App. 3d 373, 387-88 (1990).

No. 1-04-0895 & 1-04-2678 Consol.

Supreme Court Rule 191 governs affidavits in support of, and opposition to, motions for summary judgment and requires that such affidavits:

> "shall be made on the personal knowledge of the affiants; shall set
>
> forth with particularity the facts upon which the claim,
>
> counterclaim, or defense is based; shall have attached thereto
>
> sworn or certified copies of all papers upon which the affiant
>
> relies; shall not consist of conclusions but of facts admissible in
>
> evidence; and shall affirmatively show that the affiant, if sworn as
>
> a witness, can testify competently thereto." Official Advance Sheet
>
> Reports No. 8 (April 17, 2002), Rule 191(a), eff. July 1, 2002.

ANALYSIS – CESSNA'S MOTION FOR SUMMARY JUDGMENT

Plaintiff contends that the trial court erred in granting summary judgment in favor of Cessna. He argues that Cessna did not meet its burden of proof on a motion for summary judgment, that an existing question of fact precludes summary dismissal, and that the trial court based the summary judgment upon an erroneous interpretation of the Act.

Since plaintiff's complaint as amended includes negligence claims, the Illinois statute of repose for strict product liability (735 ILCS 5/13-213 (West 2002)), cannot by itself support the general summary judgment in favor of Cessna. Instead, we must focus upon the federal General Aviation Revitalization Act, which makes no such distinction. The Act provides in relevant part:

> "Except as provided in subsection (b), no civil action for
>
> damages for death or injury to persons or damage to property

arising out of an accident involving a general aviation aircraft may be brought against the manufacturer of the aircraft or the manufacturer of any new component, system, subassembly, or other part of the aircraft, in its capacity as a manufacturer if the accident occurred--

(1) after the applicable limitation period beginning on--

(A) the date of delivery of the aircraft to its first purchaser or lessee, if delivered directly from the manufacturer; or

(B) the date of first delivery of the aircraft to a person engaged in the business of selling or leasing such aircraft; or

(2) with respect to any new component, system, subassembly, or other part which replaced another component, system, subassembly, or other part originally in, or which was added to, the aircraft, and which is alleged to have caused such death, injury, or damage, after the applicable

No. 1-04-0895 & 1-04-2678 Consol.

> limitation period beginning on the date of
>
> completion of the replacement or addition." 49
>
> U.S.C. §40101, Note § 2(a).

For purposes of the Act, the applicable limitation period is "18 years with respect to general aviation aircraft and the components, systems, subassemblies, and other parts of such aircraft." 49 U.S.C. §40101, Note § 3. An overhauled part is not a new part, so that the overhaul of an allegedly defective propeller did not reset the Act's 18-year "clock." Robinson v. Hartzell Propeller Inc., 326 F. Supp. 2d 631, 663-64 (E.D. Pa. 2004).

We note initially that plaintiff contends in part that the trial court determined at an earlier stage in the proceedings -- in late 2001, while the second amended complaint was pending -- that there was a material issue of fact herein and thus Cessna should not have been allowed to relitigate the issue later regarding the fifth amended complaint. Specifically, plaintiff points to an order of December 12, 2001, granting partial summary judgment in favor of Cessna, on counts not included in the fifth amended complaint and not at issue here. It is true that the trial court stated that "there remain questions of fact as to whether Cessna is the manufacturer of replacement parts of the engine turbo wyes of the Cessna 340A." However, the court also expressly stated:

> "*At this point*, however, summary judgment for Cessna as to
>
> [plaintiff's] claims of Cessna as the manufacturer of engine turbo
>
> wyes is inappropriate given that the plaintiff's current complaint
>
> pleads against Cessna regarding replacement parts. *The summary*

˘14˘

No. 1-04-0895 & 1-04-2678 Consol.

> *judgment motion only addresses the manufactured product before*
>
> *the first sale*." (Emphasis added.)

The trial court's language does not support plaintiff's argument that the court was making a final ruling with prejudice on the portion of Cessna's summary judgment motion that it denied. Especially in light of the fact that discovery continued apace after the December 2001 order, we find that the trial court did not err when it considered Cessna's summary judgment motion against the fifth amended complaint.

The central contention herein is that the trial court erred in granting summary judgment to Cessna because it improperly placed the burden of proof upon plaintiff to show that the wye was replaced with a new wye within the 18 years preceding the crash, rather than upon Cessna to show that the wye had not been replaced. In Illinois, defendants have the burden of proof for a statute of repose, because it is an affirmative defense, while plaintiffs have the burden of proving the existence of facts that would toll the repose period or constitute an exception to the general repose rule. Masters v. Hesston Corp., 291 F.3d 985, 989 (7th Cir. 2002); Jones v. Dettro, 308 Ill. App. 3d 494, 498 (1999). There was no dispute in the instant case that the aircraft in question was delivered to its first user more than 18 years before the crash in question. Thus, the Act would bar plaintiff's claim unless the second portion of the Act applied: that is, if the allegedly defective part or system of the aircraft (here, the wye) was replaced with a new part or system within the 18 years preceding the crash. We find it to be a reasonable interpretation of the Act that plaintiff herein had the burden of showing that the general repose period for the

aircraft as a whole was tolled or reset by the installation of a new replacement wye, triggering the part-specific repose period.

Cessna asserted an affirmative defense -- the Act's repose period -- and duly established its position that (1) the aircraft itself was more than 18 years old and (2) the wye had not been replaced with a new wye within the Act's 18-year period. Under both Soderlund Brothers, 278 Ill. App. 3d at 615, and the aforementioned cases of Masters and Jones, plaintiff thereby bore the burden of showing that the wye had been replaced. Plaintiff duly responded that the wye had been so replaced, supporting this allegation with the affidavit of expert Sommer. However, we agree with the trial court that Sommer's affidavit does not bear the weight plaintiff places upon it. Sommer neither stated that the wye was, nor opined that it would have been, replaced with a new wye. Instead, it was Sommer's opinion that the wye would have been *either* replaced *or* *overhauled* during the 1995 overhaul of the left engine. As stated above, mere overhaul would not suffice to reset the Act's 18-year "clock."

Moreover, an expert opinion is only as valid as the facts underlying and supporting it, and a court may therefore look "behind" an expert opinion to examine the underlying facts. In re Joseph S., 339 Ill. App. 3d 599, 607 (2003). Here, the maintenance records for the aircraft in question -- which are required by law to reflect all repairs to the aircraft and, as such, were exceedingly detailed[2] – do not reflect that the wye was replaced at any time with a new wye.

---

[2]Federal Aviation Regulations require "each person who maintains, performs preventive maintenance, rebuilds, or alters an aircraft, airframe, aircraft engine, propeller, appliance, or

No. 1-04-0895 & 1-04-2678 Consol.

The maintenance log entry for the 1987 replacement of the left engine described in detail which parts were new and which were overhauled; the wye was not mentioned. Similarly, the maintenance log entry for the 1995 overhaul, detailed to the point of mentioning small parts like pins, bearings, and gaskets, did not mention the wye. The trial court properly concluded from the prominent absence of a reference to the wye, in the only two instances where plaintiff alleged the wye could have been replaced, that Cessna had shown that, in the absence of the wye itself, plaintiff could not "acquire sufficient evidence to make its case." Kleiss, 349 Ill. App. 3d at 350.

In sum, Cessna duly proved, and plaintiff failed to disprove, that there was no material issue of fact concerning the installation of a new wye within the Act's repose period. Since the parties do not dispute that the aircraft as a whole was initially delivered more than 18 years before the crash in question, the crash fell outside the Act's repose period and plaintiff's claim

---

component part" to describe the work performed in the aircraft's maintenance records. 14 C.F.R. §43.9(a) (2005). The same regulations provide that false entries in the maintenance records are punishable by suspension or revocation of the perpetrator's airman, mechanic, or repairman certificate. 14 C.F.R. §43.12 (2005).

˘17˘

No. 1-04-0895 & 1-04-2678 Consol.

against Cessna was barred thereunder. We therefore conclude that the trial court did not err in granting summary judgment in favor of Cessna.

Lastly, we note Cessna's contention that this appeal should be dismissed because plaintiff, an attorney by profession, averred in a judicial proceeding that there was insufficient evidence to proceed in the instant case. Specifically, plaintiff stated on the record in a Kentucky criminal proceeding against the pilot that he had instructed counsel in the instant civil case to settle or dismiss the case because there was "insufficient evidence," and that "none of the evidence *** revealed any ability to prevail in a case *** other than a case against" the pilot. Cessna raised this issue in a motion before this court to dismiss the instant appeal, arguing as it does now that plaintiff should be bound herein by his statements in the Kentucky proceeding. However, this court duly considered Cessna's motion to dismiss and denied it. More importantly, whether a case is frivolous or without merit is an objective standard. Sterdjevich v. RMK Management Corp., 343 Ill. App. 3d 1, 19 (2003). Just as a litigant is not shielded by honestly believing that his arguments are supported by fact and law (Sterdjevich, 343 Ill. App. 3d at 19), we must conclude that the converse is also true: that plaintiff's subjective belief about his case does not by itself render the case frivolous or without merit if the case is not actually so. Especially in light of our affirmance of Cessna's summary judgment, we see no reason to reconsider our earlier decision.

ANALYSIS – SUMMARY JUDGMENT MOTION
BY TELEDYNE AND JOLIET AVIONICS

˘18˘

No. 1-04-0895 & 1-04-2678 Consol.

Teledyne and Joliet Avionics contend that the trial court erred in denying their motion for summary judgment. Noting that causation is a necessary element of the cause of action of negligent spoliation of evidence, they argue that the summary judgment in favor of Cessna did not result because the turbo wye was unavailable but because plaintiff's claims against Cessna were barred by the Act. Since their acts or omissions did not cause plaintiff's claims against Cessna to fail, they argue, plaintiff could not state a claim for negligent spoliation of evidence against them.

Spoliation of evidence falls under the general principles of negligence law, whereby plaintiff must show that defendant owed plaintiff a duty, defendant breached that duty, and defendant's breach proximately caused plaintiff to incur damages. Dardeen, 213 Ill. 2d at 335-36, citing Boyd v. Travelers Insurance Co., 166 Ill. 2d 188, 192-95 (1995). Specifically, a duty to take reasonable care to preserve evidence exists when (1) an agreement, statute, or other special circumstance created a duty to preserve evidence, or defendant voluntarily assumed such a duty by affirmative conduct; and (2) a reasonable person in defendant's position should have foreseen that the evidence was material to a potential civil action. Dardeen, 213 Ill. 2d at 336, citing Boyd, 166 Ill. 2d at 195. As to the element of causation, "plaintiff is required to allege that a defendant's loss or destruction of the evidence caused the plaintiff to be unable to prove an otherwise valid, underlying cause of action." Boyd, 166 Ill. 2d at 197.

Here, Teledyne and Joliet Avionics argue that the trial court improperly engaged in a negative presumption regarding the age of the wye -- that is, the court simply presumed in the wye's absence that it had been replaced. However, the court expressly denied that it was making

such a presumption, basing its decision instead on plaintiff's allegation that he could have proven the wye's age if he had it. We see no reason on this record to doubt the trial court's sincerity.

Plaintiff alleged that he could have ascertained the wye's age from the wye itself, if he had it, and thus that the loss of the wye by Teledyne and/or Joliet Avionics caused his claim against Cessna to fail. Unlike Cessna's summary judgment motion, which concerned an affirmative defense, Teledyne and Joliet Avionics alleged that plaintiff could not prove a necessary element of his cause of action in this case, causation. As stated above, the law is clear that Teledyne and Joliet Avionics bore the burden of producing evidence that plaintiff could not state all elements of his claim. Paul H. Schwendener, Inc., 358 Ill. App. 3d at 78. However, there is no indication on this record that Teledyne and Joliet Avionics introduced an affidavit or other evidence that the wye's age could not be ascertained from the wye itself. Where neither side supports its allegations with evidence, and the issue does not concern an affirmative defense but negation of an element of the cause of action, this court must accept plaintiff's complaint as raising a material issue of fact. Paul H. Schwendener, Inc., 358 Ill. App. 3d at 78; Soderlund Brothers, 278 Ill. App. 3d at 615. Thus, the absence of an affidavit or other evidence from plaintiff showing that he could have ascertained the wye's age does not avail Teledyne and Joliet Avionics.

The trial court reluctantly concluded that plaintiff's fifth amended complaint survived summary judgment as to the negligent spoliation of evidence claim against Teledyne and Joliet Avionics. "It is unclear whether the Plaintiff will be able to win at trial with such a tenuous causation element, seeing as the evidence as to the age of the exhaust wye components appears

to point to its not being replaced, but, viewing the evidence in the light most favorably to the Plaintiff, the Plaintiff has met his causation burden with a sufficient question of fact for the purposes of this summary judgment motion." The trial court neither assumed nor concluded that plaintiff could have proven the wye's age, as Teledyne and Joliet Avionics argue, but instead was duly preserving the issue for a trial. For these reasons, we conclude that the trial court did not err in denying summary judgment to Teledyne and Joliet Avionics.

CONCLUSION

For the aforementioned reasons, the judgment of the circuit court is affirmed as to both plaintiff's appeal, No. 1--04--0895, and the appeal by Teledyne and Joliet Avionics, No. 1--04--2678. This cause is remanded for further proceedings consistent with this order.

No. 1--04--0895, Affirmed.

No. 1--04--2678, Affirmed and remanded.

Quinn, P.J. and Campbell, J., concur.