# Illinois Official Reports

## Appellate Court

---

**Illinois Founders Insurance Co. v. Williams**, 2015 IL App (1st) 122481

---

| | |
|---|---|
| Appellate Court Caption | ILLINOIS FOUNDERS INSURANCE COMPANY, Plaintiff and Counterdefendant-Appellee, v. DELOISE WILLIAMS, as Administrator of the Estate of Felicia Williams, Deceased, and as Guardian and Next Friend of Dellvonte Gibson, a Minor, Defendant and Counterplaintiff-Appellant (Julius Moore, Defendant). |
| District & No. | First District, Fourth Division<br>Docket No. 1-12-2481 |
| Filed | April 16, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-CH-37307; the Hon. Leroy K. Martin, Jr., Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | A. Leo Wiggins, Jr., and Caren Schulman, both of Chicago, for appellant.<br><br>Michael J. O'Halloran and Keely Hillison, both of Parrillo, Weiss & O'Halloran, of Chicago, for appellee. |
| Panel | JUSTICE ELLIS delivered the judgment of the court, with opinion.[*]<br>Justices Howse and Cobbs concurred in the judgment and opinion. |

---

[*]This case was recently reassigned to Justice Ellis.

**OPINION**

¶ 1 This appeal addresses whether the trial court erred in granting summary judgment in favor of plaintiff-counterdefendant Illinois Founders Insurance Co. (Founders) on a counterclaim for attorney fees and costs pursuant to section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 2010)). Defendant-counterplaintiff Deloise Williams (defendant), on behalf of the estate of a decedent in a car accident (Felicia Williams) and the decedent's minor son (Dellvonte Gibson), contends that summary judgment was improper because genuine issues of material fact existed as to whether Founders acted vexatiously and unreasonably in settling her claims, which would justify fees and costs under section 155. Defendant also contends that the trial court abused its discretion in denying her leave to file a second amended counterclaim. We conclude that the trial court did not err in granting summary judgment because Founders had a *bona fide* dispute regarding its coverage of defendant's hit-and-run claim and that defendant has provided an insufficient record to support her other contentions. We affirm the judgment of the trial court.

¶ 2                                       I. BACKGROUND

¶ 3 Given the issues presented by this appeal, a thorough development of the facts and procedural history of this case is necessary. On July 18, 1997, Felicia Williams and her son, Dellvonte Gibson, were involved in a car accident. Williams died. Gibson, who was 19 months old at the time of the accident, survived with injuries. Defendant, Gibson's grandmother, was appointed as administrator of Williams's estate and as Gibson's guardian. The car that Williams was driving belonged to Julius Moore, who participated in the proceedings below but is not a party to this appeal. Williams used the car with Moore's permission. Williams was uninsured.

¶ 4 The parties offered two possible scenarios that led to this accident and Williams's death. One is that of a single-car accident, in which the car she was driving spiraled out of control, possibly due to a blown-out tire and/or faulty brakes. The second is a hit-and-run scenario, in which a second vehicle collided with Williams's car, leading to the fatal crash.

¶ 5 Moore was the named insured under a liability insurance policy issued by Founders (the Policy). The Policy covered injuries caused by uninsured motorists (such as Williams), as well as injuries caused by hit-and-run drivers. Defendant's initial claim to Founders was based on the latter–she claimed that the accident resulted from a hit-and-run involving a second, unidentified vehicle.

¶ 6 On August 19, 1999, Founders filed a complaint seeking a declaratory judgment that it had "no duties with respect to the accident of July 18, 1997." Founders acknowledged that defendant and Moore had made claims under the hit-and-run provision of the Policy but alleged that neither defendant nor Moore had "produced *** competent evidence that there was physical contact between their vehicle and that of a hit-and-run vehicle" as defined by the Policy.

¶ 7 On September 11, 1999, defendant filed a demand for arbitration and, under the heading "Type of Claim," checked the box labeled "Hit and Run." On October 5, 1999, Founders moved to stay arbitration of the hit-and-run claim because it was contesting coverage under that provision. The trial court agreed and stayed the arbitration.

¶ 8       On November 1, 1999, defendant moved to dismiss Founders' declaratory judgment complaint, arguing that she was entitled to coverage even if there was no second vehicle involved. Even if no hit-and-run accident occurred, she argued, she could bring an uninsured-motorist claim, alleging that Williams was a negligent, uninsured driver. In response, Founders emphasized that its declaratory judgment complaint was directed at defendant's "*hit-and-run* claims, not *uninsured-motorist* claims," and that to date, defendant had "not presented an *uninsured-motorist* claim" alleging that Williams was a negligent driver in a single-car accident. (Emphases in original.)

¶ 9       After continuing the case numerous times, the trial court denied defendant's motion to dismiss on January 30, 2001. The record contains no transcripts of the proceedings related to defendant's motion to dismiss. The two-page written order reflecting the trial court's judgment simply states that defendant's motion "is hereby DENIED."

¶ 10       Founders' declaratory judgment action first went to trial on June 4, 2004. During the trial, the trial court awarded judgment to Founders on a technical default–defendant had never answered Founders' complaint for declaratory judgment. Defendant appealed that order, and this court reversed and remanded. We held that the trial court erred in concluding that it was *compelled* to enter judgment in Founders' favor on the technical default and remanded for the trial court to exercise its discretion on the matter. The mandate from our decision issued to the circuit court on October 19, 2006.

¶ 11       From October 19, 2006 until April 29, 2009, no party took action regarding Founders' declaratory judgment suit. On April 29, 2009, defendant moved to dismiss the suit for want of prosecution and moved for leave to file a counterclaim.

¶ 12       The circuit court denied defendant's motion to dismiss Founders' claim for want of prosecution. The record does not contain a transcript of the hearing on defendant's motion to dismiss for want of prosecution or the trial court's ruling on that motion. Rather than filing an answer, defendant again moved to dismiss Founders' complaint, alleging that the complaint was time-barred. The circuit court denied this motion to dismiss, finding that defendant, not Founders, was obligated to reinstate the case after she had prevailed on appeal.

¶ 13       The court did, however, grant defendant leave to file a counterclaim seeking attorney fees and costs under section 155 for handling defendant's insurance claim in a vexatious and unreasonable manner. Founders moved for summary judgment on defendant's section 155 counterclaim on November 22, 2010. During the pendency of that motion, that counterclaim was amended, and Founders renewed its motion for summary judgment as to the amended complaint.

¶ 14       In count I of her amended counterclaim–the only count at issue on appeal and thus the only one we will discuss–defendant alleged that Founders acted vexatiously and unreasonably in settling her insurance claim, first, by initiating litigation on the coverage question and disputing that the accident was the result of a hit-and-run by a second driver, which defendant alleged was a delay tactic; second, by failing to negotiate the claims; and third, by refusing to arbitrate the claims. Count I did not differentiate with any specificity between defendant's two possible claims for coverage, the uninsured-motorist claim versus the hit-and-run claim.

¶ 15       In its motion for summary judgment, Founders argued that, as a matter of law, it had not acted vexatiously and unreasonably as to defendant's hit-and-run claim because the evidence Founders had received as a result of its investigation created a *bona fide* dispute as to whether the accident was a single-car collision, as opposed to a hit-and-run accident involving a second

car. In support of its motion, Founders put forth several pieces of evidence that indicated that, contrary to defendant's claim of a hit-and-run collision, the accident resulted from Williams losing control of the car.

¶ 16 First, Founders attached an affidavit from one of its claims adjusters, which said that Moore had told Founders that his car had brake problems that had previously caused him to lose control of it. It further said that "[t]he only explanation for the cause of the accident given by Julius Moore to Founders was that a tire had blown[,] causing the accident." Second, Founders attached police reports recounting the accident, which stated that Williams "lost control of [the] vehicle and hit [a] utility pole head on" and likewise recounting that Williams had "experienced a blow out, causing [the] vehicle to go out of control." These reports only documented damage to the front of the car.

¶ 17 Third, Founders attached the deposition of Officer Cheryl Williams of the Chicago police department, who stated that, when responding to the scene of the accident, she did not see paint from another car left on Moore's car. She also stated that the damage was isolated to the front of the car, where it appeared to have struck the utility pole. Fourth, Founders attached the deposition transcript of Officer Joseph De Leo, who said that one of the car's tires "appeared to be blown-out."

¶ 18 The fifth piece of information submitted by Founders was the only evidence Founders claimed to have gathered that did *not* suggest a single-car collision but, rather, pointed to a hit-and-run scenario. This evidence came in the form of a deposition, taken October 1, 2003, from James Harris, who said that he came upon the scene of the accident shortly after it occurred. Harris said that he spoke to the driver, Ms. Williams, before she died. According to Harris, Williams told him that "somebody ran her off the road."

¶ 19 The record does not contain a copy of defendant's response to Founders' motion for summary judgment.

¶ 20 On March 18, 2011, the trial court granted Founders summary judgment as to count I of defendant's amended counterclaim. The trial court's written order indicated that it found that Founders "had a *bona fide* case to contest the 'hit and run' claim."

¶ 21 On August 24, 2010, defendant made a second demand for arbitration. On the demand form, under "Type of Claim," defendant again checked the box labeled "Hit and Run," but this time also checked the box labeled "Uninsured Motorist." On March 25, 2011, Founders moved to stay arbitration as to the hit-and-run claim, because Founders was only disputing coverage as to that claim, not the uninsured-motorist claim. The circuit court granted the motion, making it clear that its stay was limited to the hit-and-run claim only. Defendant moved to reconsider the stay order, at which time Founders' counsel once again emphasized that the declaratory judgment action only sought to determine coverage for the hit-and-run claim, *not* the uninsured-motorist claim:

> "Under the uninsured-motorist coverage of the policy there is [*sic*] two kinds of claims, a hit and run claim; and we contest that. And the other one is a claim that the claimant was hurt because of negligence by an uninsured motorist. And I told Your Honor and counsel until I'm blue in the face, no, we don't contest his right to arbitrate whether the minor was injured by an uninsured motorist."

¶ 22 To resolve any possible remaining confusion, the trial court clarified that the summary judgment it entered as to count I of defendant's amended counterclaim related only to the

hit-and-run claim, not to the uninsured-motorist claim. The court further stated, "[A]ny declaration the Court would make at this juncture deals only with the hit[-]and[-]run and not the [uninsured-motorist claim]."

¶ 23    Between April 10, 2012 and April 12, 2012, the trial court conducted a three-day bench trial on Founders' declaratory judgment action. On June 1, 2012, the trial court entered judgment in favor of defendant with respect to Founders' underlying declaratory judgment suit. The trial court's written order stated, "Judgment is entered in favor of defendants and against Founders on Founders['] complaint. Stay of arbitration is vacated. This case is dismissed." The record does not contain a transcript of the trial or of the judge's ruling.

¶ 24    On July 2, 2012–one month after final judgment was entered following the bench trial–defendant filed a motion asking the trial court to reconsider its March 18, 2011 order, granting Founders summary judgment as to count I of defendant's amended counterclaim. The motion also sought leave to file a second amended counterclaim. In count I of the proposed second amended counterclaim, defendant again alleged that Founders acted vexatiously and unreasonably in delaying settlement of the uninsured-motorist claim by seeking a declaratory judgment that it was not obligated to cover the uninsured-motorist claim and seeking to stay arbitration of the uninsured-motorist claim. Count II of the proposed second amended counterclaim alleged that, based upon the trial evidence, Founders vexatiously and unreasonably denied coverage of the hit-and-run claim. Defendant alleged that, at trial, one of the witnesses "disclosed that Founders was aware of unexplained left rear damage to the insured vehicle shortly after the occurrence."

¶ 25    On August 9, 2012, the trial court denied defendant's motion to reconsider the grant of summary judgment as to count I of the amended counterclaim and denied defendant leave to file a second amended counterclaim. The record does not contain a transcript of the proceedings related to the August 9, 2012 judgment. The only record of the trial court's decision to deny defendant leave to file her second amended counterclaim is the following sentence, included in a short written order: "The motion to *** file a[ ] *** second amended [counterclaim] is DENIED." Defendant filed this appeal.

¶ 26                            II. ANALYSIS
¶ 27            A. Summary Judgment on the Hit-and-Run Dispute
¶ 28    Defendant alleges that the trial court erred in granting Founders summary judgment as to count I of her amended counterclaim, asserting that genuine issues of material fact existed as to whether Founders acted vexatiously and unreasonably in settling her claims. Founders responds that there is no issue of material fact as to whether it had a *bona fide* dispute over defendant's claim for coverage under the hit-and-run provision, thus precluding an award of attorney fees under section 155 as a matter of law.

¶ 29    Generally, we apply an abuse of discretion standard when reviewing a circuit court's decision regarding attorney fees and costs under section 155 of the Illinois Insurance Code. *Employers Insurance of Wausau v. Ehlco Liquidating Trust*, 186 Ill. 2d 127, 160 (1999). Where the circuit court denies section 155 relief via a dispositive motion, however, we "apply the standard of review that is appropriate" for that motion. *Id.* Here, the circuit court granted Founders' motion for summary judgment relating to defendant's amended section 155 counterclaim. We thus apply the standards applicable to summary judgment to the circuit court's judgment in this case.

¶ 30    "Summary judgment is proper where, when viewed in the light most favorable to the nonmoving party, the pleadings, depositions, admissions, and affidavits on file reveal that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Hall v. Henn*, 208 Ill. 2d 325, 328 (2003). "The standard of review for the entry of summary judgment is *de novo*." *Id.*

¶ 31    Section 155 of the Illinois Insurance Code provides " 'an extracontractual remedy to policyholders.' " *Employers Insurance of Wausau*, 186 Ill. 2d at 159 (quoting *Cramer v. Insurance Exchange Agency*, 174 Ill. 2d 513, 520 (1996)). That section provides that an insured may collect attorney fees and costs where an insurer creates a "vexatious and unreasonable" delay in settling a claim. 215 ILCS 5/155(1) (West 2010). "A court should consider the totality of the circumstances when deciding whether an insurer's conduct is vexatious and unreasonable, including the insurer's attitude, whether the insured was forced to sue to recover, and whether the insured was deprived of the use of his property." *Statewide Insurance Co. v. Houston General Insurance Co.*, 397 Ill. App. 3d 410, 426 (2009).

¶ 32    "[W]here a *bona fide* dispute concerning coverage exists, costs and sanctions [pursuant to section 155] are inappropriate." *State Farm Mutual Automobile Insurance Co. v. Smith*, 197 Ill. 2d 369, 380 (2001). A *bona fide* dispute is one that is " '[r]eal, actual, genuine, and not feigned.' " *McGee v. State Farm Fire & Casualty Co.*, 315 Ill. App. 3d 673, 683 (2000) (quoting Black's Law Dictionary 177 (6th ed. 1990)). Where an insurer "reasonably relie[s] upon evidence sufficient to form a *bona fide* dispute," that insurer has not acted unreasonably or vexatiously under section 155. *Morris v. Auto-Owners Insurance Co.*, 239 Ill. App. 3d 500, 506 (1993).

¶ 33    We first address an anomaly arising from the procedural posture of this case and the legal issue before us. When conducting a *de novo* review of a grant of summary judgment, we would reverse if we were to find the presence of a genuine issue of material fact on the question at issue. *Hall*, 208 Ill. 2d at 328. If some competent evidence contradicted the evidence put forward by the movant and created a genuine issue of material fact, summary judgment would be inappropriate. *Id*. But the legal question here, under section 155, is whether Founders was itself confronted with legitimate questions of fact as to whether this accident resulted from a hit-and-run or from Williams losing control of the car–and if so, Founders is entitled to judgment. As we have just discussed, to prevail on a section 155 claim, Founders is only required to show a *bona fide* dispute, that it had a "[r]eal, actual, genuine" belief (internal quotation marks omitted) (*McGee*, 315 Ill. App. 3d at 683) and "reasonably relied upon evidence" that the accident may have happened differently than defendant's claim of a hit-and-run scenario (*Morris*, 239 Ill. App. 3d at 506).

¶ 34    In other words, Founders is not required to show that every scintilla of evidence pointed against a hit-and-run scenario, or that the evidence it compiled was overwhelming or conclusive. See, *e.g.*, *Morris*, 239 Ill. App. 3d at 506 (insurer had *bona fide* dispute regarding whether fire was arson, even though some of its evidence "was successfully rebutted"); *Wahls v. Aetna Life Insurance Co.*, 122 Ill. App. 3d 309, 312 (1983) (finding section 155 relief inappropriate where "the evidence raised a genuine issue *** as to whether decedent's death was accidental within the scope of the policy's coverage"). Rather, the question here, at the summary judgment stage, is not whether Founders may have been presented with *some* evidence of a hit-and-run accident, but whether Founders had a real, genuine basis for disputing the hit-and-run scenario. Thus, the fact that defendant may have proffered *some*

- 6 -

evidence of the hit-and-run scenario–which might, at first blush, indicate that summary judgment was improper–would not militate against a grant of summary judgment as long as the evidence before Founders, *in total*, created a reasonable, genuine basis for dispute.

¶ 35 With these principles in mind, we find that the trial court properly entered summary judgment in favor of Founders, because Founders had sufficient evidence on which it could reasonably dispute defendant's hit-and-run theory. We detailed that evidence above: (1) the statement of the car's owner that the car had brake problems that previously caused him to lose control of the car, as well as a claims adjuster's own conclusion that a blown-out tire appeared to be the cause of the accident; (2) police reports concluding that Williams lost control of the vehicle after a blow-out of the tire; (3) deposition testimony from one responding police officer that she saw no paint from another car on the damaged vehicle, nor any damage to the car other than the point of collision with the utility pole; and (4) deposition testimony of another responding policeman indicating a blown-out tire.

¶ 36 Defendant has not produced any reason for the trial court, or this court, to disregard this evidence. Though the movant bears the initial burden of production on a motion for summary judgment, once Founders carried that burden by presenting this evidence to the court, the burden shifted to defendant to present some factual or legal basis on which the court should have disregarded that evidence or otherwise found that defendant was entitled to trial on this issue. *Bourgonje v. Machev*, 362 Ill. App. 3d 984, 994-95 (2005); *Willett v. Cessna Aircraft Co.*, 366 Ill. App. 3d 360, 369 (2006). Defendant has presented no basis for this court to find that the evidence put forth by Founders was incredible or lacking in substance.

¶ 37 The fact that Founders had uncovered additional evidence supporting defendant's hit-and-run theory–Harris's statement that Williams, before dying, said that another car hit her vehicle–does not alter our conclusion. This evidence is not so overwhelming or conclusive as to negate the evidence outlined above, which supported a contrary theory of a single-car accident. It does not change the fact that Founders had a reasonable, genuine, *bona fide* dispute as to the hit-and-run claim as a matter of law.

¶ 38 Defendant finally argues that new evidence arose at trial that bolstered his claim that Founders should have covered the hit-and-run claim. At trial, defendant claims, evidence was presented showing "that Founders was aware of fresh left rear-end damage on the insured vehicle within weeks of the occurrence." Defendant contends that this evidence showed that Founders' coverage dispute was not *bona fide*.

¶ 39 But defendant has failed to provide this court with any transcripts from the trial to support that claim. Illinois Supreme Court Rule 323 requires an appellant to prepare and file a transcript or bystander's report of the proceedings in the trial court. Ill. S. Ct. R. 323(a), (c) (eff. Dec. 13, 2005). Where an appellant fails to furnish a complete record of proceedings on appeal, "it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984). "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Id.* We must construe defendant's failure to provide transcripts of the trial against her.

¶ 40 In any event, even if we were to accept this evidence solely on defendant's characterization, our holding would remain the same. This evidence would have been just one more fact in a series of facts that did not conclusively tell one story or another. There was competent evidence of a single-car collision as well as evidence of a hit-and-run scenario. Founders had a reasonable, genuine basis to dispute defendant's claim.

¶ 41    As a matter of law, Founders did not act vexatiously or unreasonably in contesting the hit-and-run claim. Founders' actions related to the hit-and-run claim, including obtaining a judgment in its favor at the 2004 trial via a default judgment, were grounded in its litigation of that *bona fide* claim. The fact that the trial court ultimately found that Founders was required to cover the accident does not render Founders' declaratory judgment suit vexatious or unreasonable. See *West Bend Mutual Insurance v. Norton*, 406 Ill. App. 3d 741, 745 (2010) ("An insurance company does not violate section 155 merely by unsuccessfully challenging a claim.").

¶ 42    Nor did Founders engage in vexatious or unreasonable conduct by seeking to stay arbitration of defendant's hit-and-run claim. Where an insurer files a declaratory judgment action disputing coverage of a hit-and-run accident, the circuit court is "*required* to stay the arbitration until the resolution of the coverage dispute." (Emphasis added.) *Estate of Price v. Universal Casualty Co.*, 322 Ill. App. 3d 514, 520 (2001) (citing *State Farm Fire & Casualty Co. v. Yapejian*, 152 Ill. 2d 533, 542-44 (1992)). Founders simply followed the law, as did the trial court.

¶ 43    We also affirm the trial court's grant of summary judgment on defendant's claim that Founders was vexatious and unreasonable because it took no action on its declaratory judgment suit after this court remanded the case in 2006. Defendant notes that Founders permitted the suit to lie dormant following the remand until 2009, when defendant moved to dismiss the complaint for want of prosecution. We are unable to properly review this issue, however, once again due to the lack of a record below, which defendant, as the appellant, was obliged to provide us. *Foutch*, 99 Ill. 2d at 392. We do not know what arguments defendant made in response to the motion for summary judgment brought by Founders because we are unable to locate her response, if any, in the record, nor do we have any transcripts of oral argument, if any, that would explain the court's reasoning.

¶ 44    We do know this much from the limited record: The trial court denied defendant's motion to dismiss the case for want of prosecution following this gap in time–a denial that defendant does not challenge on appeal. Again, we do not know why the trial court denied that ruling, nor do we have any written response, if any was filed, from Founders. It is possible that Founders merely orally argued the motion, but we lack any transcript of any such hearing.

¶ 45    In support of the trial court's grant of summary judgment on this claim, Founders argues that it was defendant's duty to reinstate the case following the reversal and remand of this case to the trial court, pursuant to Illinois Supreme Court Rule 369(c) (eff. July 1, 1982). Founders is correct that, as the prevailing party on appeal, it was defendant's obligation to take action to re-docket the case following remand and issuance of this court's mandate. *People v. NL Industries, Inc.*, 284 Ill. App. 3d 1025, 1028 (1996). We can advance this point one step further. The appellate court, in reversing and remanding in 2006, held that the trial court was not compelled to default defendant, but rather that the trial court should exercise its discretion in deciding whether defendant should be permitted to file a late answer during the first trial. It was thus incumbent on defendant, not Founders, to seek leave to file a late answer pursuant to the appellate court's mandate.

¶ 46    In the absence of an even minimally sufficient record, we are hard-pressed to automatically assign blame to Founders, and Founders alone, for this delay. The trial court obviously did not deem this delay sufficient to warrant a dismissal for want of prosecution, and we find nothing in the record that permits us to disturb the court's ruling on this issue on summary judgment,

either. We presume that the trial court's decision was supported by fact and law. *Foutch*, 99 Ill. 2d at 392.

¶ 47                                B. The Uninsured-Motorist Claim

¶ 48    Defendant also asserts that Founders vexatiously and unreasonably delayed resolution of her uninsured-motorist claim on Gibson's behalf, which was distinct from the hit-and-run claim. Like other issues in this case, unfortunately, this question presents something of a mystery. Simply put, we do not know what became of this claim in the lower court. We know that the uninsured-motorist claim was part of count I of the amended counterclaim, and we know that the trial court granted summary judgment for Founders on count I *only* as to the hit-and-run claim.

¶ 49    We also know that, following the bench trial on the declaratory judgment complaint and defendant's amended counterclaim, the trial court entered judgment for defendant on the complaint and judgment for Founders on count II of the amended counterclaim. Beyond that, the trial court's written order "dismissed" the action. What happened to the remaining portion of count I of the amended counterclaim–related to the alleged vexatious and unreasonable conduct of Founders in handling the uninsured-motorist claim–is unknown. Perhaps defendant abandoned the claim and put on no evidence at trial. Perhaps the trial court disposed of it in some dispositive order not included in the record. Not knowing the procedural posture of this claim, we are unable to apply a standard of review to the decision–if there was a decision. Compare *Hall*, 208 Ill. 2d at 328 (summary judgment is reviewed *de novo*), with *Klaskin v. Klepak*, 126 Ill. 2d 376, 389 (1989) (a trial court's judgment after a bench trial is reviewed under a manifest weight of the evidence standard). We construe the record's silence against defendant (*Foutch*, 99 Ill. 2d at 392) and find that the absence of any relevant transcripts precludes us from reviewing defendant's argument that Founders was vexatious and unreasonable in delaying settlement of the uninsured-motorist claim. See *Heavey v. Ehret*, 166 Ill. App. 3d 347, 349 (1988) (declining to review "a nonexistent judgment").

¶ 50    We add that Founders repeatedly stated in open court and in written filings that it was *not* contesting defendant's right to arbitrate the uninsured-motorist claim, and the trial court repeatedly made that clear to defendant. Since January 2000, Founders emphasized that it was only contesting hit-and-run coverage, not coverage under an uninsured-motorist claim, and that it would agree to arbitrate an uninsured-motorist claim. But defendant did not file an uninsured-motorist claim until 2010. As Founders later wrote, "It took [defense counsel] 10 years to digest that message." Even then, when defendant filed a claim for uninsured-motorist coverage, she also claimed hit-and-run coverage. Counsel for Founders again repeated in open court that Founders was not seeking to stay arbitration on the uninsured-motorist claim but only on the hit-and-run claim that was the subject of the declaratory judgment complaint: "I told Your Honor and counsel until I'm blue in the face, no, we don't contest his right to arbitrate whether the minor was injured by an uninsured motorist."

¶ 51    Based on the limited record, defendant would have an uphill climb, to say the least, to prevail on a claim that Founders acted vexatiously and unreasonably regarding the uninsured-motorist claim. Regardless, we are unable to review this portion of count I because we have no way of knowing how it was disposed and could not apply an appropriate standard of review. We reject defendant's claim that Founders acted vexatiously or unreasonably with

respect to the uninsured-motorist claim.

¶ 52                    C. Denial of Leave to File Second Amended Counterclaim

¶ 53    Defendant also contends that the trial court abused its discretion in denying her leave to file a second amended counterclaim. Defendant proposed the second amended counterclaim after final judgment was entered following the three-day bench trial. This proposed second amended counterclaim would have repleaded the two bases for section 155 relief she included in count I of her original counterclaim–that Founders vexatiously and unreasonably delayed settlement of the hit-and-run claim and the uninsured-motorist claim. As we noted above, defendant claims that the bench trial uncovered new evidence "that Founders was aware of fresh left rear-end damage on the insured vehicle within weeks of the occurrence," thus giving her fresh ammunition to argue that Founders' coverage dispute was not *bona fide*.

¶ 54    Section 2-616 of the Code of Civil Procedure (735 ILCS 5/2-616 (West 2012)) governs amendments to pleadings. The decision whether to allow an amendment under section 2-616 rests within the sound discretion of the trial court, and that decision will not be disturbed absent an abuse of discretion. *Indiana Insurance Co. v. Hydra Corp.*, 245 Ill. App. 3d 926, 932 (1993).

¶ 55    We find that the court did not abuse its discretion in denying defendant leave to file this second amended counterclaim after trial and final judgment. We base our holding on several factors.

¶ 56    First, defendant has once again failed to provide this court with a report of proceedings or bystander's report of the trial court's hearing on her motion for leave to file a second amended counterclaim. The trial court's written order denying defendant leave provides no insight into the trial court's rationale. It simply states, "The motion to *** file a[ ] *** second amended [counterclaim] is DENIED." We cannot divine the trial court's reasoning in denying defendant's motion and cannot determine whether that decision constituted an abuse of discretion. In light of defendant's failure to provide an adequate record, we presume the trial court's order had a sufficient legal and factual basis. *Foutch*, 99 Ill. 2d at 392.

¶ 57    Second, this proposed second amended counterclaim came after the trial court entered final judgment in this case. However liberally courts grant leave to amend pleadings, that liberal rule applies to pleadings amended "*before final judgment.*" (Emphasis added.) 735 ILCS 5/2-616(a) (West 2012); *Basden v. Finck*, 106 Ill. App. 3d 108, 110 (1982) ("A motion for leave to amend a pleading is not a proper post-judgment motion."). As we have explained above, we do not know precisely what transpired with the portion of count I of the amended counterclaim relating to the uninsured-motorist claim–it was not specifically included in the trial court's final judgment. Regardless, the trial court's final order, after ruling on the merits of Founder's complaint and count II of defendant's amended counterclaim, dismissed the case in its entirety. If the uninsured-motorist claim was left unresolved, it was thus dismissed along with any other remaining issues. Whatever became of that claim, by the time defendant sought leave to file a second amended complaint, it was beyond final judgment and improper.

¶ 58    Likewise, defendant could not reassert the portion of count I of the amended counterclaim relating to the hit-and-run claim after the court had entered final judgment following the bench trial. Even if defendant had sought to amend that claim prior to the case's completion, defendant still could not do so, because a party may not amend a cause of action on which summary judgment was granted unless "depositions and affidavits indicate that the [party] can

replead the claim under *another theory*." (Emphasis added.) *Cook v. AAA Life Insurance Co.*, 2014 IL App (1st) 123700, ¶ 40. Defendant did not allege a new theory in her proposed second amended counterclaim. Defendant alleged, at most, that a new piece of evidence supported the same legal theory on which summary judgment was previously granted. Her attempt to relitigate the issue was thus improper. Moreover, even if defendant were not barred from relitigating the same theory after summary judgment, we still would find no abuse of discretion in the trial court's denial of leave to amend. We have already concluded that this new piece of evidence, even accepted as viable, would not upset the trial court's grant of summary judgment on the section 155 hit-and-run claim. We find no error in the trial court's ruling.

¶ 59                                                    III. CONCLUSION

¶ 60            For the reasons stated, we affirm the judgment of the circuit court.

¶ 61            Affirmed.